CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTER FORGODS PRODUCTION, ) | |
| ) | Civil Action No. 7:14CV00091 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | By: Hon. Glen E. Conrad |
| SALEM VETERAN'S AFFAIRS ) | Chief United States District Judge |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

This matter is presently before the court on the defendant's motion to dismiss the plaintiff's pro se complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendant's motion will be granted.

## Background

The pro se plaintiff, Matter Forgods Production, initially filed this lawsuit in the Circuit Court for the City of Salem, Virginia. The plaintiff's complaint is styled "Virginia: In the Circuit Court City Salem, Provision of Grievance, Malpractice, 15.2-1507, $50,000" and consists of seventy-nine pages of indiscriminate text, followed by over 100 pages of disjointed exhibits. The defendant, Salem Veteran's Affairs Medical Center, properly removed the case to this court. See 28 U.S.C. § 1442(a)(1) ("A civil action . . . that is commenced in a State court and that is against or directed to ['[t]he United States or any agency thereof'] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."). Thereafter, the defendant filed a motion to dismiss the action. The court notified the pro se plaintiff of the defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but the plaintiff failed to file any response. The matter is ripe for disposition.

**Standards of Review**

I. **Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

II. **Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that "fail[s] to state a claim upon which relief can be granted" may be dismissed under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; it does not "resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." See Butler v. United States, 702 F.3d 749, 752 (2012) (quoting Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When ruling on the defendant's motion to dismiss, a court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S.

89, 94 (2007). The plaintiff's factual allegations need not be detailed, but she must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). These facts must "be enough to raise a right to relief above the speculative level." Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that even remotely suggests a factual basis for the claim." Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Where a complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," it should be dismissed. Twombly, 550 U.S. at 555 (internal quotation marks omitted).

## Discussion

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The plaintiff styles her complaint "Virginia: In the Circuit Court City Salem, Provision of Grievance, Malpractice, 15.2-1507, $50,000." See generally Compl., Docket No. 8. She alleges that "$50,000 compensates for malpractice," that she "ha[s]n't received treatment money yet," and that "two years passed since [her] involuntary commitment." Compl. ¶ 2. Giving the complaint its most liberal construction, the plaintiff seems to imply that psychiatrists at the Salem Veteran's Affairs Medical Center committed malpractice by administering drugs to the plaintiff unnecessarily and having her involuntarily committed. See, e.g., Compl. ¶ 3 ("The psychiatrists from Veterans Affairs Medical Center kidnapped me, forced me drugs, injured my skin at buttock via a needle, and provided pain severe via drug invega, and geodon; my flesh, spirit, functions, and actions were

3

normal."); Compl. ¶ 8 ("The psychiatrists commit[t]ed me as if my disability isn't connected to the Airforce, and I'm 'robbing' them."); Compl. ¶ 12 ("At section 'distort,' I inform about why the psychiatrists may not understand that the Airforce is a causer of my schizophrenia. The psychiatrists haven't made a connection that the words from paper become my psyche when I 'ingest' (sense) the words into my organism. If they made a connection, they know that commitment was malpractice."). Although the claim is "inartfully pleaded" through scattered and unfocused allegations, the court will construe the pro se complaint to raise a malpractice claim under the Federal Tort Claims Act ("FTCA"). See Erickson, 551 U.S. at 94.

The FTCA provides a limited waiver of immunity for actions in tort against the United States for the negligence of federal employees. See 28 U.S.C. § 1346(b). A federal agency, such as the Salem Veteran's Affairs Medical Center, cannot be named as a defendant to an FTCA claim. Instead, the United States is "the only proper defendant." Webb v. Hamidullah, 281 F. App'x 159, 161 n.4 (4th Cir. 2008) (citing 28 U.S.C. § 2674). Accordingly, any FTCA claim asserted against the Salem Veteran's Affairs Medical Center is properly dismissed.

Even if the court granted the plaintiff leave to amend her complaint to add the United States as a defendant, her FTCA claim must be dismissed because she has failed to exhaust her administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). As a prerequisite to filing suit under the FTCA, a plaintiff must first present her tort claim to the appropriate administrative agency. 28 U.S.C. § 2675(a); see also 28 C.F.R. § 14.2(a) (specifying the procedure for filing an administrative claim with a federal agency). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

4

Here, the plaintiff has failed to allege or offer any evidence to show that she presented her malpractice claim to the Department of Veterans Affairs, as required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). Moreover, the defendant's uncontroverted evidence shows that, as of May 6, 2014, neither the Department of Veterans Affairs nor the Salem Veteran's Affairs Medical Center had ever received an administrative tort claim filed by the plaintiff. Oddo Decl. ¶ 6, Docket No. 10-2 ("My search failed to reveal any record of any claim filed by the Plaintiff under any of her names or her Social Security Number."). Therefore, to the extent that the plaintiff's complaint may be construed to include a malpractice claim against the United States under the FTCA, this court has no jurisdiction to address the claim, and it must be dismissed.

## II. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

To the extent that the complaint may allege a claim over which the court has subject matter jurisdiction, the court declines to seek out such a claim. See, e.g., Murphy v. Goff, 2010 WL 2292130, at *1 (W.D. Va. June 7, 2010) ("[A] court is not obliged to ferret through a complaint, searching for viable claims."). Stated simply, the plaintiff's complaint is unintelligible. Even under the most liberal construction, the nearly 200-page complaint fails to provide "a short and plain statement" of any claim, as required by Federal Rule of Civil Procedure 8(a)(2). The complaint provides neither the court nor the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Thus, the remainder of the complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## Conclusion

For the reasons stated, the court will grant the defendant's motion and dismiss the plaintiff's complaint without prejudice. The case will be stricken from the active docket of the court. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This _12th_ day of August, 2014.

/s/ Glen Conrad
Chief United States District Judge

6